UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| KELTON JONATHON SORENSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 1:23-cv-03259 (UNA) |
| v. | ) | |
| | ) | |
| UTAH DEPARTMENT OF | ) | |
| HUMAN SERVICES, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

Plaintiff, proceeding *pro se*, initiated this matter on October 30, 2023, by filing, *inter alia*, a *pro se* complaint, ECF No. 1, and an application for leave to proceed *in forma pauperis*, ECF No. 2. He also filed a sealed motion for leave to file this matter under seal. ECF No. 3. The Court denied that motion by minute order on November 1, 2023, because Plaintiff failed to address the six-factor inquiry that applies to motions to seal, but it provided Plaintiff with 14 days to either file a sufficient renewed motion for leave to file under seal, or, alternatively, to notify the Court that he consents to placing this matter on the public docket. *See* Min. Order (dated Nov. 1, 2023) (citing *United States v. Hubbard*, 650 F.2d 293, 317-22 (D.C. Cir. 1980)). In response, on November 13, 2023, Plaintiff notified the Court that he consents to placing this matter on the public docket. *See* ECF No. 5. Given Plaintiff's timely response, the Court may now turn to preliminarily considering this case in full. The Court will grant the *in forma pauperis* application and dismiss the case for the reasons discussed below.

"A complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint that lacks "an arguable basis either in

law or in fact" is frivolous, *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and a "complaint plainly abusive of the judicial process is properly typed malicious," *Crisafi v. Holland*, 655 F.2d 1305, 1309 (D.C. Cir. 1981).

Plaintiff, a resident of Provo, Utah, sues the Utah Department of Human Services, the United States, and the Central Intelligence Agency ("CIA") for one trillion dollars in damages. ECF No. 1. In addition to failing to comply with Federal Rule of Civil Procedure 10(a)-(b), and D.C. Local Civil Rule 5.1(c)(1), (d), and (g), the complaint is difficult to track. *See id.* As far as his allegations can be understood, Plaintiff appears to take issue with his involuntarily civil commitment at several different facilities in Utah, which he contends resulted from unlawful state arrests and convictions, all arising from an underlying conspiracy to commit war crimes against him, to subject him to CIA testing, and to murder him. *See id.* He also seemingly requests, in passing, that his state convictions be vacated. *See id.* Plaintiff has also filed an untitled motion, which is similarly incomprehensible. ECF No. 4. The motion lists the facilities where Plaintiff has spent a combined 550 days, and demands $500,000. *Id.* No other details or information are provided therein. *Id.*

First, this Court cannot exercise subject matter jurisdiction over a frivolous complaint. *Hagans v. Lavine*, 415 U.S. 528, 536 (1974) ("Over the years, this Court has repeatedly held that the federal courts are without power to entertain claims otherwise within their jurisdiction if they are so attenuated and unsubstantial as to be absolutely devoid of merit . . . ." (cleaned up)); *Tooley v. Napolitano*, 586 F.3d 1006, 1010 (D.C. Cir. 2009) (examining cases dismissed "for patent insubstantiality," including where the plaintiff allegedly "was subjected to a campaign of surveillance and harassment deriving from uncertain origins."). Therefore, a court is obligated to dismiss a complaint as frivolous "when the facts alleged rise to the level of the irrational or the

wholly incredible," *Denton v. Hernandez*, 504 U.S. 25, 33 (1992), or where the plaintiff "postulat[es] events and circumstances of a wholly fanciful kind," *Crisafi*, 655 F.2d at 1307-08. The instant complaint falls squarely into this category and thus must be dismissed. *See* 28 U.S.C. § 1915(e)(2)(B)(i).

Second, to whatever extent Plaintiff seeks to challenge his convictions, he may not do so in this Court. Federal court review of state convictions is available under 28 U.S.C. § 2254 only after the exhaustion of available state remedies. *See id.* § 2254(b)(1). Thereafter, "an application for a writ of habeas corpus . . . made by a person in custody under the judgment and sentence of a State court . . . may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced [the petitioner]." *Id.* § 2241(d). Plaintiff indicates that he was convicted and sentenced in Utah; therefore, this Court lacks jurisdiction over such claims for relief, and he must instead file them in the appropriate court in Utah. *See id.* The Court also notes that Plaintiff's immediate custodian, and not the named defendants in this action, would the proper defendant in a habeas matter. *See Blair-Bey v. Quick*, 151 F.3d 1036, 1039 (D.C. Cir. 1998).

Consequently, this case is dismissed without prejudice. Plaintiff's untitled motion, ECF No. 4, is denied. A separate order accompanies this memorandum opinion.

Date:  November 30, 2023

/s/_____
 ANA C. REYES
United States District Judge